D. C. McKILLIP AND H. C. PAGE, PLAINTIFFS IN ERROR, V.
JOHN CATTLE, SR., DEFENDANT IN ERROR.

Partnership: DISSOLUTION: LIABILITY OF PARTNERS. A firm
was indebted to certain attorneys for legal services, and in an ac-
tion for a dissolution of the firm a decree was rendered fixing
the relative shares of the partners, finding the amount of the
debts owing by the firm including the aforesaid services, and
decreeing that one C., upon paying said debts and the share of
the partners, should take the partnership effects. *Held*, That
when C. took possession of the partnership effects he became
liable to the attorneys for the amount allowed them in the de-
cree.

ERROR to the district court for Seward county. Heard
below before POST, J.

*McKillip & Page, pro se.*

*St. Clair & Anderson,* for defendant in error.

MAXWELL, J.

A demurrer to the petition was sustained in the court.
below and the action dismissed. The cause is brought,
into this court by petition in error.

The action is for services rendered by the plaintiffs as
attorneys for the firm of Marchant and Jull. The
plaintiffs, after setting out the service rendered and their
value, allege that at the April term, 1878, of the district
court of Seward county, in an action then pending there-
in wherein the defendant herein was plaintiff and Marchant
& Jull defendants, it was decreed that said partnership
between said Marchant & Jull should be dissolved, and
the court found the relative interests of the partners and
the amount of the firm debts, and entered a decree that
the defendant herein should succeed to the interest of the
partnership in the partnership effects upon paying into
court the amount due each of said partners and the

amount of the indebtedness of said firm. It is also alleged that said claim of the plaintiffs was a part of the indebtedness of said firm, which the defendant was required to pay; and that the defendant took possession of said partnership effects, but has wholly neglected and refused to pay the plaintiff's claim.

The petition certainly states a cause of action. If the plaintiffs' claim was allowed as a debt of the firm of Marchant & Jull, and the defendant was to pay this indebtedness as a condition of taking possession of the partnership effects he cannot take the property without complying with the conditions upon which he was to obtain the same. This being the case he is personally liable to the plaintiffs.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.